NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAUN ROBINSON, | No. 16-35644 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01071-RAJ |
| v. | |
| UNIVERSITY OF WASHINGTON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Shaun Robinson appeals pro se from the district court's summary judgment in his action under Title IX and 42 U.S.C. § 1983, alleging gender discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We may affirm on any basis

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Robinson's Title IX claims because Robinson failed to raise a genuine dispute of material fact as to whether defendants discriminated against him on the basis of his sex. *See* 20 U.S.C. § 1681(a) (prohibiting, with certain exceptions, discrimination on the basis of sex by an education program receiving federal financial assistance); *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013) (discussing summary judgment on a disparate treatment claim); *Stout v. Potter*, 276 F.3d 1118, 1121-22 (9th Cir. 2002) (discussing summary judgment on a disparate impact claim).

Summary judgment on Robinson's equal protection claim was proper because Robinson failed to raise a genuine dispute of material fact as to whether he suffered intentional discrimination on the basis of his sex. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (requirements for equal protection claim based on membership in a protected class).

The district court did not abuse its discretion by denying Robinson's requests to strike defendants' declarations because Robinson failed to establish a

2                                                                              16-35644

basis for excluding the declarations.  *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004) (standard of review).

Robinson's motion to waive the requirement of filing paper copies of the excerpts of record (Docket Entry No. 7) is granted.

**AFFIRMED.**

16-35644